1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    MANDREEL SMITH,                          1:13-cv-01782-GSA-(HC)

12              Petitioner,

13       v.                                    ORDER TRANSFERRING CASE TO THE
                                               UNITED STATES DISTRICT COURT FOR
14    KATHLEEN L. DICKINSON,                   THE CENTRAL DISTRICT OF CALIFORNIA

15              Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to

18    28 U.S.C. § 2254.

19        The federal venue statute requires that a civil action, other than one based on diversity

20    jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

21    defendants reside in the same state, (2) a judicial district in which a substantial part of the events

22    or omissions giving rise to the claim occurred, or a substantial part of the property that is the

23    subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if

24    there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

25        In a habeas matter, venue is proper in either the district of conviction or the district of

26    confinement.   28 U.S.C. § 2241(d).   In this case, Petitioner challenges the result of a prison

27    disciplinary proceeding which occurred in Ironwood State Prison located in the Central District of

28    California.  Whereas here the Petitioner attacks the execution of his sentence, as opposed to an

1

attack on the conviction itself, the proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").  Petitioner is confined in Ironwood State Prison located in the Central District of California.  Therefore, the petition should have been filed in the United States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **November 18, 2013**                     **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

2